UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
SKIY PYRAME,

        Plaintiff,                                    REPORT AND
                                                      RECOMMENDATION
    -against-                                24 CV 941 (RPK)(RML)

MDTWN GROUP LLC and JABARI
BELL,

        Defendants.
---------------------------------------------------X

LEVY, United States Magistrate Judge:

        Plaintiff Skiy Pyrame ("plaintiff"), a Georgia resident, commenced this *pro se* action on February 8, 2024, seeking to enforce a default judgment of $7,179,629 issued by the Newtown County Superior Court in Georgia on September 6, 2022. (See Complaint, dated Feb. 8, 2024, Dkt. No. 1, at 4, Ex. 5.) Defendant MDTWN Group LLC is allegedly a Maryland corporation.[1] (Id. at 4.) Defendant Jabari Bell is allegedly a citizen of New York. (Id. at 3.)

---

[1] Plaintiff does not establish that this court has personal jurisdiction over this defendant LLC. As an initial matter, plaintiff fails to allege the identity and citizenship of the LLC's members, as required. United States Liab. Ins. Co. v. M Remodeling Corp., 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020) (collecting cases). In addition, "[a] federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant if: (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) the exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution." In re Sterling Foster & Co., Inc. Sec. Litig., 222 F. Supp. 2d 289, 300 (E.D.N.Y. 2002). Due process requires that the defendant have "minimum contacts" with the relevant forum such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted). Under Daimler AG v. Bauman, 571 U.S. 117, 127 (2014), the test for general jurisdiction asks whether a corporation is essentially "at home" in the forum state. A corporation is typically at home in the state where it was incorporated and where it has its principal place of business. Id. at 137. "[I]n an exceptional case . . . a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that state." Id. at 139 n.9 (citing Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437 (1952)). A corporation is not,
(Continued….)

The Clerk of the Court issued summonses on February 8, 2024. (See Summons, dated Feb. 8, 2024, Dkt. No. 4.) Rule 4(m) of the Federal Rules of Civil Procedure requires that a summons be served within ninety days of the date the complaint is filed. Since plaintiff did not file proof of service, I issued an order on June 25, 2024, directing plaintiff to provide a report on the status of this litigation by July 8, 2024, advising the court "whether he has served a copy of the summons and complaint on the defendants within 90 days of the filing of the complaint, as required by Rule 4(m) of the Federal Rules of Civil Procedure, and, if not, whether there is good cause for his failure to do so." (Order, dated July 8, 2024.) My order advised plaintiff "that failure to comply with this order may result in a recommendation to Judge Rachel P. Kovner that this case be dismissed for failure to prosecute." (Id.)

To date, plaintiff has not responded. Accordingly, I respectfully recommend that this case be dismissed for lack of prosecution. Any objection to this Report and Recommendation must be filed with the Clerk of the Court, with a courtesy copy to the Honorable Rachel P. Kovner, United States District Judge, within fourteen (14) days. Failure to

---

however, "at home" in any state where it conducts business. Id. at 137, 139. For a court to have specific jurisdiction over a non-resident defendant, "the defendant's suit-related conduct must create a substantial connection with the forum State." Walden v. Fiore, 571 U.S. 277, 284 (2014)); Bristol-Meyers Squibb v. Superior Ct. of Cal., S.F. Cnty., 582 U.S. 255, 264 (2017). "[T]he relationship must arise out of contacts that the 'defendant [itself]' creates with the forum State," and the contact must be with the forum state itself and not with persons who reside there. Walden, 571 U.S. at 284-85 (citation omitted). Here, plaintiff alleges that defendant MDTWN Group LLC is incorporated and has its principal place of business in Maryland, and there is nothing in the complaint to suggest that it is subject to either general or specific jurisdiction in New York. (See Compl.) Since, as explained, plaintiff has not filed proof of service, it is unnecessary to consider this issue.

file objections in a timely manner may waive a right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(d), 72.

Respectfully submitted,

_____/s/_____
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
   August 7, 2024